CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shonna Counter**, | **Case No**. 2:19-CV-00298-PA-JPR |
| Plaintiff, | |
| v. | **First Amended Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Earl Jackson Cole, Jr.,** in his individual and representative capacity as trustee of the Earl Jackson Cole, Jr. Trus**t**; **U S Credit Corp**., a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Shonna Counter complains of Earl Jackson Cole, Jr., in his individual and representative capacity as trustee of the Earl Jackson Cole, Jr. Trust; U S Credit Corp., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.   Plaintiff is a California resident with physical disabilities. She suffers from spinal muscular atrophy. Plaintiff drives a van that has a handicap placard issued by

the state of California. She uses both a walker and wheelchair for mobility.

2.  Defendant Earl Jackson Cole, Jr. owned the real property located at or about 6025 Laurel Canyon Blvd., North Hollywood, California, in October 2018.

3.  Defendant Earl Jackson Cole, Jr. owned the real property located at or about 6025 Laurel Canyon Blvd., North Hollywood, California, in November 2018.

4.  Defendant Earl Jackson Cole, Jr. owns the real property located at or about 6025 Laurel Canyon Blvd., North Hollywood, California, currently.

5.  Defendant U S Credit Corp. owned Car Search USA located at or about 6025 Laurel Canyon Blvd., North Hollywood, California, in October 2018.

6.  Defendant U S Credit Corp. owned Car Search USA located at or about 6025 Laurel Canyon Blvd., North Hollywood, California, in November 2018.

7.  Defendant U S Credit Corp. owns Car Search USA ("Car Search") located at or about 6025 Laurel Canyon Blvd., North Hollywood, California, currently.

8.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of

First Amended Complaint                                              2:19-CV-00298-PA-JPR

action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Plaintiff went to Car Search in October 2018 (three times). Additionally, plaintiff was deterred from visiting one time in November 2018 as well.

13. Car Search is a facility open to the public, a place of public accommodation, and a business establishment.

14. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Car Search.

15. Unfortunately, the only parking space marked and reserved for persons with disabilities was in constant use by defendants to store inventory vehicles during plaintiff's visits. In fact, during each of plaintiff's visits, the parking space marked and reserved for persons with disabilities had inventory vehicles stored there. The defendants store and stage inventory vehicles on a regular and consistent basis in the parking space reserved for persons with disabilities.

16. As a result, the parking space was not available for use by plaintiff during her visits.

17. The defendants have absolutely no policy of prohibiting employees from using the parking space marked and reserved for persons with disabilities to store and stage inventory vehicles.

18. Even though the plaintiff complained to an employee at Car Search, the defendants still use the parking space to store inventory vehicles to this very day. In January 2019, plaintiff's investigator went to this Car Search location and observed

First Amended Complaint                                          2:19-CV-00298-PA-JPR

1  inventory vehicles stored in the parking space marked and reserved for persons with
2  disabilities.

3  19. Paths of travel are one of the facilities, privileges, and advantages offered by
4  Defendants to patrons of Car Search.

5  20. Unfortunately, there is a metal ramp leading from the access aisle reserved for
6  persons with disabilities that was not protected by handrails or guard rails and it did
7  not have flared sides. It had a drop off and there was no edge protection whatsoever.

8  21. Finally, there is a ramp that runs up to the entrance that is nearest the parking
9  space marked and reserved for persons with disabilities. It terminates at the door and
10  there is no level landing.

11  22. Defendants have failed to maintain in operable working condition those
12  features of facilities and equipment that are required to be readily accessible to and
13  usable by persons with disabilities at the Subject Property.

14  23. Plaintiff personally encountered this barrier.

15  24. This inaccessible facility denied the plaintiff full and equal access and caused
16  her difficulty, discomfort, and embarrassment.

17  25. Plaintiff will return to Car Search to avail herself of its goods or services once
18  the barriers are permanently removed. If the barriers are not removed, the plaintiff
19  will face unlawful and discriminatory barriers again.

20  26. The defendants have failed to maintain in working and useable conditions
21  those features required to provide ready access to persons with disabilities.

22  27. The barriers identified above are easily removed without much difficulty or
23  expense. They are the types of barriers identified by the Department of Justice as
24  presumably readily achievable to remove and, in fact, these barriers are readily
25  achievable to remove.

26  28. Given the obvious and blatant nature of the barriers and violations alleged
27  herein, the plaintiff alleges, on information and belief, that there are other violations
28  and barriers on the site that relate to her disability. Plaintiff will amend the complaint,

4

First Amended Complaint

to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

29. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible

First Amended Complaint                    2:19-CV-00298-PA-JPR

to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

31. Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

32. Here, even though Car Search does have a parking space marked and reserved for persons with disabilities, the defendants use the parking space to store and stage inventory vehicles for sale. This is a violation of the law.

33. If a curb ramp is not protected by handrails or guardrails, it shall have flared sides. Ramps with drop-offs must have curbs, walls, railings, or projecting surfaces that prevent people from slipping off the ramp. 2010 Standards § 405.9.

34. Here, the failure to provide edge protection for the ramp is a violation of the ADA.

35. Ramps must have a level landing at both the bottom and top of a ramp. 2010 Standards § 405.7.

36. Here, there is no level landing at the entrance at Car Search.

37. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

38. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

39. Given its location and options, plaintiff will continue to desire to patronize Car Search but she has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

41. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

42. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

43. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

7

First Amended Complaint                              2:19-CV-00298-PA-JPR

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 per occasion.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: March 20, 2019          CENTER FOR DISABILITY ACCESS


By: /s/ Christopher A. Seabock

Christopher A. Seabock
Attorney for plaintiff

8